**The document below is hereby signed.**

**Dated: March 8, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
JAMES EDWARD TINSLEY, JR.,    )   Case No. 11-00767
                              )   (Chapter 13)
            Debtor.           )   Not for Publication in
                              )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER RE
<u>OBJECTION TO CLAIM OF DYCK-O'NEAL, INC.</u>

The debtor has filed an objection to the claim of Dyck-O'Neal, Inc., a claim based on a default judgment entered by a Maryland court.  The debtor contends that the debt arose from a real estate flipping scam, perpetrated by entities other than Dyck-O'Neal, Inc., of which the debtor was the victim.  The objection must be overruled.

The proof of claim was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, and thus "shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  The debtor's objection does not rebut the prima facie correctness of the proof of claim.  The federal full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to accord a state court judgment the same

preclusive effect to which it would be entitled in the courts of the state.  The debtor does not contend that Maryland courts would not be required to accord the default judgment *res judicata* effect (claim preclusion effect).

Nevertheless, a proof of claim based on a judgment "may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons of the parties or the subject matter of the suit, or because it was procured by fraud of a party."  *Heiser v. Woodruff*, 327 U.S. 726, 736 (1946) (citations omitted).  *See also Browning v. Navarro*, 887 F.2d 553, 563 (5th Cir. 1989) ("Other than lack of jurisdiction or fraud, there are no other federal grounds which nullify a state court judgment.").  The debtor's objection does not contend that the Maryland court lacked jurisdiction over his person or lacked subject matter jurisdiction or that the judgment was procured by fraud.

That the underlying debt arose from circumstances in which the debtor was defrauded, is not the same as the judgment having been procured by fraud.  *See Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (en banc) (fraud in the procurement of a judgment is "fraud which is directed to the judicial machinery itself and is not fraud between the parties.").  *See also In re Bulic*, 997 F.2d 299, 305 (7th Cir. 1993) (judgment

creditor's claims upheld where "the only allegations of fraud were not of fraud upon the court, but of perjury at trial and coercion in obtaining the promissory notes."); *Johnson v. Laing (In re Laing)*, 945 F.2d 354, 357 (10th Cir. 1991).

Accordingly, it is

ORDERED that the debtor's objection to the claim of Dyck-O'Neal, Inc. is overruled without prejudice to a renewed objection presenting a sound basis of objection.

[Signed and dated above.]

Copies to: Recipients of e-notification.